HARRIS, J.
As cases go, this one does not involve a major offense, but it presents an important principle. Chavez was charged with burglary of a structure, possession of burglary tools, and petit theft. Property valued at $138 was taken and recovered at the scene. The defendant was incarcerated and held in jail until the trial. After Chavez moved to be discharged because of the running of the speedy trial period, the court set the trial for a specific date. Because the trial had been previously set and rescheduled, the prosecutor, in order not to further inconvenience the victim, put the victim on call with the intention of calling him to the courthouse in time to give his testimony if the trial proceeded. There is no indication that the victim-witness would not have responded immediately to a call.
The following colloquy took place:
Court: So the victim is not present, so the State would ask for a continuance?
State: Yes, Your Honor, the State would ask for a continuance, at least, until this afternoon to get the victim here.
Court: The Court would deny that. The defendant is- present. We discussed this at length regarding this case. The Court feels that at this point it’s time to resolve the case. So the State cannot go forward at the moment?
State: Would Your Honor be inclined to give me a recess for five minutes?
Court: No.
State: Well, Your Honor, under the circumstances the victim did show up the *520 last time. He was already there. If it was a mistake, it was mine by putting him on standby because there was a trial certain set.
Court: Okay. I hear a strong objection from the State. The Court is, essentially forcing them to enter a nol-pros. It’s on the record. This is not appropriate. It’s $138. He has been in jail. All of the items allegedly taken by him were recovered. He refuses to plead in spite of the best efforts of Mr. Park. You cannot force the defendant to plead if he doesn’t want to. Mr. Park made all of the best efforts to me twice as I recall now. You are handed the hot potato today.
State: The Court is not willing to let the State go forward on voir dire without the victim here?
Court: No. I have done that before and when the victim doesn’t show, 22 taxpayers get very mad at me and at the State Attorney’s Office for making them do that, so we don’t do that without the victim here.
Rather than file a nol-pros, the State requested a dismissal so that it could appeal. The court ordered the case dismissed, the State appealed and we reverse.
We find it an abuse of discretion to dismiss a case because the victim who had appeared in court for a previously set trial was placed on stand-by, ready to appear when his testimony was needed. There is simply no showing that the standby status of the victim-witness would have delayed the trial at all. If the victim had not been available when the State needed to put on his testimony, then the court would have been justified in dismissing the action. That the defendant had been in jail awaiting trial, that the value of the things taken during the burglary was low, that the stolen property had been recovered, and that the jury might be upset if the State could not proceed after it had been selected are simply inappropriate considerations for dismissing a case.
The State should have been given the opportunity to present its case when called by the court to proceed. Unlike the defendant, the victim need not be present during jury selection. Nor is it essential for the victim to be in court while other witnesses testify. If the victim is not present when his testimony is needed, it is at that point that the case should be dismissed.
REVERSED.
COBB and SHARP, W., JJ„ concur.,